UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-04948-SK                                    Date: June 5, 2026

Title     Omnia Ahmed S.M.M. Osman v. United States Department of Homeland
Security et al

Present:  The Honorable:  Steve Kim, United States Magistrate Judge

|                     Connie Chung                     |                     n/a                     |
| :--: | :--: |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| None present | None present |

**Proceedings:**        (IN CHAMBERS) **STANDING ORDER[1]**

   **This action has been assigned to the civil consent calendar of Judge Steve Kim through the Voluntary Consent or Direct Assignment Program.**

   Unless otherwise ordered, the following modified procedures will govern civil proceedings assigned to this court by the full consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

1.  *Remote hearings on non-dispositive matters.*  Unless otherwise requested by the parties through stipulation for good cause or ordered by the court, pretrial hearings, including scheduling or status conferences, on **non-dispositive** matters are presumptively conducted remotely by videoconference.  Hearings on **dispositive** matters are presumptively held in person, though, unless otherwise requested (with sufficient notice) by the parties through stipulation.

2.  *Streamlined discovery motions.*  Except for unusually complex issues or when the parties request otherwise by stipulation, all discovery disputes may presumptively be submitted to the court through its Informal Discovery Conference procedure (outlined under the court's Local Procedures on the

---

[1] READ THIS ORDER CAREFULLY.  IT CHANGES SOME OF THE COURT'S OWN LOCAL PROCEDURES OTHERWISE APPLICABLE TO NON-CONSENT CIVIL MATTERS AND DIFFERS FROM THE DISTRICT LOCAL RULES IN CERTAIN WAYS.  [**revised May 9, 2025**]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-04948-SK                                                   Date: June 5, 2026

Title      Omnia Ahmed S.M.M. Osman v. United States Department of Homeland
           Security et al

District Court website) instead of motion practice through Local Rule 37 or Local Rule 7.

3. *Scheduling order and trial dates.*  Except for good cause or if the parties cannot agree by stipulation, the court will presumptively adopt the parties' proposed trial dates and pretrial deadlines in the scheduling order, and it will generally modify the scheduling order as requested from time to time based on good cause so long as the parties agree by stipulation to the modified deadlines.  Ex parte motions for scheduling order modifications or trial postponements are discouraged.

4. *Rule 12(b) motion practice.*  If pleading defects can be cured by amendment—according to the liberal amendment standards of the Federal Rules (not the moving party's view of the merits or strengths of its arguments)—it is wasteful (and, for clients, expensive) litigation activity to engage in non-dispositive Rule 12(b) motion practice that will only yield amended pleadings (either unilaterally, by stipulation, or through eventual court order).  The court thus applies the prefiling conference of counsel requirement under Local Rule 7-3 especially strictly with Rule 12(b) motions that should have been avoided by agreeing to the filing of an amended pleading.  Thus, if a Rule 12(b) motion is granted, in whole in or in part, with leave to amend based on reasons that the parties should have addressed by stipulated amendment without need for motion practice, the court reserves the right to prohibit the filing of a second or successive Rule 12(b) motion unless separate leave is sought—and granted—*beforehand* to file a second or successive Rule 12(b) motion.

5. *Pretrial conferences.*  To aid the parties' and court's trial preparations, the court presumptively holds at least two pretrial conferences—an initial pretrial conference and a final pretrial conference—but reserves the right to conduct more as needed to ensure the just, speedy, and inexpensive determination of each trial.

This order is automatically vacated if any party authorized to withhold consent declines to consent.  There are no adverse substantive consequences for declining consent.

IT IS SO ORDERED.

---

CV-90 (03/15)                           Civil Minutes – General                           Page **2** of 2